## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sonja Tsihae Amberg,

        Plaintiff,

v.     Civil No. 16-0949 (SRN/FLN)

Samsung Electronics, Korea, et al.,

        Defendants.

_____

Sonja Tsihae Amberg,

        Plaintiff,

v.     Civil No. 16-0950 (SRN/FLN)

German Embassy, Washington, D.C.,

        Defendant.

_____

Sonja Tsihae Amberg,

        Plaintiff,

v.     Civil No. 16-0951 (SRN/FLN)

Westlaw U.S.A., et al.,

        Defendants.

_____

Sonja Tsihae Amberg,

        Plaintiff,

v.     Civil No. 16-0952 (SRN/FLN)

United States Supreme Court, et al.,

        Defendants.

**ORDER DISMISSING ACTIONS WITHOUT PREJUDICE
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**

Over the course of the past two months, plaintiff Sonja Tsihae Amberg has filed eleven lawsuits. Seven of those lawsuits have already been summarily dismissed without prejudice for failure to state a claim. *See Amberg v. German Embassy*, No. 16-CV-0569 (SRN/FLN); *Amberg v. Litsey*, No. 16-CV-0573 (SRN/FLN); *Amberg v. Google*, No. 16-CV-0577 (SRN/FLN); *Amberg v. Clerk of Judge Leung*, No. 16-CV-0579 (SRN/FLN); *Amberg v. Foshay*, No. 16-CV-0661 (SRN/FLN); *Amberg v. Shinhan Bank, U.S.A.*, No. 16-CV-0665 (SRN/FLN); *Amberg v. Commons Hotel*, No. 16-CV-0697 (PJS/BRT). Amberg's four remaining lawsuits are now before the Court on review of her applications to proceed *in forma pauperis* ("IFP").

Amberg's IFP applications are not entirely clear, but this Court is satisfied that Amberg likely qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As in Amberg's previous cases, the complaints and amended complaints she has submitted are nearly illegible, and even where the words on the page can be read, this Court rarely understands what Amberg is trying to allege. Making matters worse, Amberg frequently files amended complaints that have little relation to the original pleadings, and she frequently files exhibits that have little relation to either her original or amended pleadings. As with her previous seven lawsuits, Amberg has failed to state a claim upon which relief may be granted in any of the four cases currently before the Court:

- First, Amberg sues several unites of Samsung Electronics and Westlaw alleging discriminatory treatment, "stalking," and "monitoring." *See Amberg v. Samsung Electronics*, No. 16-CV-0949 (SRN/FLN), ECF No. 2 at 1. These allegations appear to be entirely baseless. They are certainly conclusory; Amberg has not alleged any *facts* (as opposed to legal conclusions) showing that Samsung Electronics or Westlaw have acted unlawfully.

- Second, Amberg alleges that the German Embassy has acted improperly with respect to her immigration status. *See Amberg v. German Embassy, Washington D.C.*, No. 16-CV-0950 (SRN/FLN). To the extent that the Court can follow the complaint, Amberg appears to be challenging her legal status with respect to *German* citizenship. The Court, however, lacks authority to adjudicate disputes between Amberg and the German government about her legal status under German law.

- Third, Amberg again sues Westlaw for discrimination and engaging in deceptive practices. *See Amberg v. Westlaw U.S.A.*, No. 16-CV-0951 (SRN/FLN). As with the other lawsuit against Westlaw discussed earlier, Amberg's accusations — to the extent that they can be understood — are entirely conclusory.

- Fourth, Amberg attempts to sue the United States Supreme Court due to the dismissals of her previous actions. *See Amberg v. United States Supreme Court*, No. 16-CV-0952 (SRN/FLN). If Amberg disagrees with the previous dismissals (or the dismissal of these actions), the proper recourse is not a new lawsuit, but to file an appeal with the Eighth Circuit Court of Appeals.

Because Amberg has failed to state a claim on which relief may be granted in each of these cases, the Court will dismiss the six lawsuits pursuant to § 1915(e)(2)(B)(ii). These actions will be dismissed *without* prejudice, however, so that Amberg may attempt to replead any of the claims that she tried to raise in these proceedings. *See Tisdell v. Crow Wing Cnty.*, No. 13-CV-2531 (PJS/LIB), 2014 WL 1757929, at *5 n.7 (D. Minn. Apr. 30, 2014) (citing cases and

recommending dismissal without prejudice for complaint that failed to state a claim upon which relief could be granted where amendment of the complaint would not necessarily be futile).

Finally, although pro se litigants have a right of access to the courts, that right does not ensure an unrestricted opportunity to file frivolous, malicious, repetitive, or abusive lawsuits. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (noting that "there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'") (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (per curiam)).  "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *Tyler*, 839 F.2d at 1292 (quotations omitted). Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." *Id*. A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id*. at 1292, 1293.

Amberg has now filed eleven non-meritorious lawsuits in this District within less than two months. This, in and of itself, has come at a cost of time and judicial resources that have been directed away from potentially meritorious litigation. But the number of lawsuits Amberg has filed does not adequately reflect the scope of Amberg's conduct. On an almost daily basis, the Clerk of Court has received envelopes containing amended complaints and exhibits that appear to have no connection to *any* of the lawsuits Amberg has filed in this District. For example, on more than one occasion this Court has received envelopes mailed by Amberg stuffed with crumpled receipts from convenience stores. Countless hours have been spent trying to deduce which documents should be docketed (and in which of the eleven cases), and which should be returned with further directions.

Because of this conduct, it is now necessary to restrict Amberg's ability to file new cases in this District unless she is represented by counsel or receives prior written authorization from a judicial officer of this District. Such a restriction will not preclude Amberg from pursuing meritorious claims for relief; an officer of the Court will continue to review each of the documents submitted by Amberg. Instead, Amberg will be precluded only from filing facially non-meritorious pleadings.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Each of the above-captioned cases is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Sonja Tsihae Amberg's applications to proceed *in forma pauperis* are **DENIED**.

3. All other pending motions and requests are **DENIED AS MOOT**.

4. Amberg is restricted from filing new cases in this District unless she is represented by counsel or receives prior written authorization from a judicial officer of this District.

Dated: April 21, 2016                             s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge